**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JBS HAIR, INC., | : | **Civil Action No. 22-1576 (SRC)** |
| | : | |
| | : | **OPINION & ORDER** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SLI PRODUCTION CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| JBS HAIR, INC., | : | **Civil Action No. 22-1577 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HAIR ZONE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| JBS HAIR, INC., | : | **Civil Action No. 22-1769 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BEAUTY ESSENCE, INC., | : | |
| | : | |
| Defendant. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the application for supplementary claim construction by Plaintiff JBS Hair Inc. ("JBS"). Defendants oppose the application. Plaintiff seeks supplementary claim construction of two terms: 1) "substantially cardioid shaped perimeter;" and 2) "pre-stretched braiding hair." The Court previously considered the parties' applications for claim construction and issued an Opinion on January 18, 2024.

As to the first term, Plaintiff seeks construction of a term that was already the subject of a stipulation by the parties. On November 7, 2022, the parties filed their Joint Claim Construction Statement in this case. The filed Statement says: "'The parties agree to the construction of 'substantially cardioid shaped perimeter' to mean: 'a perimeter with a substantially cardioid appearance, including a cusp and two cardioidal lobes.'" (Jt. Stmt. at 2.) As to this term, Plaintiff makes its application for construction without acknowledgement of this prior agreement. The Court will not release the parties from their prior agreement about the construction of the first term. It is the law of the case. The application to reopen construction of this term is denied.

As to the second term, this term was neither the subject of a stipulation nor of the Court's prior <u>Markman</u> Opinion. As to this term, the Court construes Plaintiff's application as a request to reopen Markman briefing and, as such, an application to amend the Scheduling Order. Federal Rule of Civil Procedure 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Substitution of counsel does not constitute good cause under the circumstances of this application. As to the second phrase only, should Plaintiff wish to pursue this application further, Plaintiff should apply to Magistrate Judge Espinosa to modify

the Scheduling Order so as to reopen Markman briefing.  The Magistrate Judge shall determine whether there is good cause for modification of the Scheduling Order.

**SO ORDERED.**

                                                            s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.

Dated:  August 6, 2024